1  **BRIDGET KENNEDY**
   California State Bar No. 253416
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California 92101-5030
   Telephone (619) 234-8467
4  Facsimile (619) 687-2666
   Bridget_Kennedy@fd.org
5
6  Attorneys for FRANCISCO HERNANDEZ-FIGUEROA

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE JOHN A. HOUSTON)**

11  UNITED STATES OF AMERICA,          ) Case No. 08CR0093-JAH
                                        ) DATE: February 19, 2008
12          Plaintiff,                  ) TIME: 8:30 a.m.
                                        )
13  v.                                  ) STATEMENT OF FACTS AND MEMORANDUM
                                        ) OF POINTS AND AUTHORITIES IN SUPPORT
14  FRANCISCO HERNANDEZ-FIGUEROA,       ) OF MOTIONS OF FRANCISCO HERNANDEZ-
                                        ) FIGUEROA
15          Defendant.                  )
    _____)
16

17                              **I.**

18                     **STATEMENT OF FACTS**[1]

19          The government asserts that Mr. Hernandez-Figueroa is an alien who has previously been excluded,

20  deported, and removed from the United States, and that on or about December 27, 2007, Mr. Hernandez-

21  Figueroa was found in the United States in violation of 8 U.S.C. §1326(a).

22          On January 9, 2008, Mr. Hernandez-Figueroa was indicted by a grand jury in the Southern District

23  of California for violation of 8 U.S.C. §1326(a).

24
        _____

25          1    The following statement of facts and any facts further cited in this motion are based on the
26  government's 18 U.S.C. §1326(a) complaint and indictment against Mr. Hernandez-Figueroa.    Mr.
    Hernandez-Figueroa in no way admits the truth of these facts nor their accuracy as cited in these motions.
27  Further, he reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings
    or during any further proceedings.
28

## II.

### <u>THIS COURT SHOULD COMPEL DISCOVERY AND ORDER<br>THE PRESERVATION OF THE EVIDENCE</u>

Mr. Hernandez-Figueroa moves for the production of the following discovery. This request is not limited to those items of which the prosecutor knows, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." <u>See</u> <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989). Mr. Hernandez-Figueroa has not yet received any discovery.

1.    <u>The Defendant's Statements</u>. The Government must disclose to Mr. Hernandez-Figueroa <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements (even if not written or recorded) made by him which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; and any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2.    <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes and TECS records that relate to the circumstances surrounding his arrest or any questioning be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Preservation of rough

08CR0093-JAH

1    notes is requested, whether or not the government deems them discoverable.

2    3.    <u>Brady Material</u>.  Mr. Hernandez-Figueroa requests all documents, statements, agents' reports, and

3    tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility

4    of the government's case.  Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition

5    of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States</u>

6    <u>v. Agurs</u>, 427 U.S. 97 (1976).

7    4.    <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>.  The government must

8    produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

9    5.    <u>The Defendant's Prior Record</u>.  Evidence of a prior record is available under Fed. R. Crim. P.

10   16(a)(1)(D).  Counsel specifically requests a complete copy of any criminal record.

11   6.    <u>Any Proposed 404(b) Evidence</u>.  To the extent that there is any such evidence, the government must

12   produce evidence of prior similar acts under Fed. R. Crim. P. 404(b) and "shall provide reasonable

13   notice in advance of trial . . .  of the general nature" of any evidence the government proposes to

14   introduce under Fed. R. Crim. P. 404(b) at trial.  <u>See</u> <u>United States v. Vega</u>, 188 F. 3d 1150, 1154-

15   1155 (9th Cir. 1999). Mr. Hernandez-Figueroa requests that such notice be given three weeks before

16   trial in order to give the defense time to adequately investigate and prepare for trial.

17   7.    <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is

18   discoverable under Fed. R. Crim. P. 16(a)(1)(E).

19   8.    <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or

20   any other physical evidence that may be destroyed, lost, or otherwise put out of the possession,

21   custody, or care of the government and which relate to the arrest or the events leading to the arrest

22   in this case be preserved.

23   9.    <u>Henthorn Material</u>. Mr. Hernandez-Figueroa requests that the Assistant United States Attorney

24   ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of

25   each agent involved in the present case, and produce to him any exculpatory information and

26   impeachment material at least two weeks prior to trial and one week prior to the motion hearing. <u>See</u>

27   <u>Kyles v. Whitley</u>, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to

28

08CR0093-JAH

1  learn of any favorable evidence known to the others acting on the government's behalf in the case,

2  including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); see also United States

3  v. Jennings, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct

4  examination of records; appropriate government agency may review files and notify AUSA of

5  contents as long as AUSA makes the determination regarding material to be disclosed); United

6  States v. Herring, 83 F.3d 1120 (9th Cir. 1996) (accord). In addition, the defendant requests that if

7  the government is uncertain whether certain information is to be turned over pursuant to this request,

8  that it produce such information to the Court in advance of the trial and the motion hearing for an

9  in camera inspection.

10  10.  Tangible Objects. Mr. Hernandez-Figueroa requests the opportunity to inspect, copy, and test, as

11  necessary, all other documents and tangible objects, including photographs, books, papers,

12  documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are

13  material to the defense or intended for use in the government's case-in-chief or were obtained from

14  or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). **Specifically, Mr. Hernandez-Figueroa**

15  **requests copies of his immigration file as well as any recordings of his alleged prior removal.**

16  11.  Expert Witnesses.  Mr. Hernandez-Figueroa requests the name, qualifications, and a written

17  summary of the testimony of any person that the government intends to call as an expert witness

18  during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). Defendant requests the notice of expert

19  testimony be provided at a minimum of two weeks prior to trial so that the defense can properly

20  prepare to address and respond to this testimony, including obtaining its own expert and/or

21  investigating the opinions, credentials of the government's expert and a hearing in advance of trial

22  to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co.,

23  526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine,

24  reliability and relevancy of expert testimony and such determinations may require "special briefing

25  or other proceedings").

26  12.  Impeachment Evidence.  Mr. Hernandez-Figueroa requests any evidence that any prospective

27  government witness has engaged in any criminal act whether or not resulting in a conviction and

28

1    whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609

2    and 613; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>United States v. Strifler</u>, 851 F.2d 1197, 1201-1202

3    (9th Cir. 1988); <u>Thomas v. United States</u>, 343 F.2d 49, 53-54 (9th Cir. 1965).

4  13.  <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Hernandez-Figueroa requests

5      any evidence that any prospective witness is under investigation by federal, state or local authorities

6      for any criminal conduct.

7  14.  <u>Evidence of Bias or Motive to Lie</u>. Mr. Hernandez-Figueroa requests any evidence that any

8      prospective government witness is biased or prejudiced against him, or has a motive to falsify or

9      distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 57-58 (1987); <u>United States v.</u>

10     <u>Strifler</u>, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

11 15.  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>The defense

12     requests any evidence, including any medical or psychiatric report or evaluation, that tends to show

13     that any prospective witness' ability to perceive, remember, communicate, or tell the truth is

14     impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or

15     has ever been an alcoholic. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

16 16.  <u>Witness Addresses</u>. Mr. Hernandez-Figueroa requests the name and last known address of each

17     prospective government witness. <u>See</u> <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979)

18     (defense counsel has equal right to talk to witnesses). The defendant also requests the name and last

19     known address of every witness to the crime or crimes charged (or any of the overt acts committed

20     in furtherance thereof) who will not be called as a government witness. <u>United States v. Cadet</u>, 727

21     F.2d 1453 (9th Cir. 1984).

22 17.  <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Hernandez-Figueroa requests the name of any

23     witness who made an arguably favorable statement concerning the defendant or who could not

24     identify him or who was unsure of his identity, or participation in the crime charged.

25 18.  <u>Statements Relevant to the Defense</u>. Mr. Hernandez-Figueroa requests disclosure of any statement

26     relevant to any possible defense or contention that he might assert. <u>United States v. Bailleaux</u>, 685

27     F.2d 1105 (9th Cir.1982). This includes all statements by percipient witnesses.

28

08CR0093-JAH

19. <u>Jencks Act Material</u>. Mr. Hernandez-Figueroa requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at trial to allow the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. <u>See also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-808 (9th Cir. 1999). Mr. Hernandez-Figueroa requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross examination.

20. <u>Giglio Information & Agreements Between the Government and Witnesses</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. Hernandez-Figueroa requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

21. <u>Agreements Between the Government and Witnesses</u>. Mr. Hernandez-Figueroa requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

22. <u>Informants and Cooperating Witnesses</u>. Mr. Hernandez-Figueroa requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Hernandez-Figueroa. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness

08CR0093-JAH

unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

23.     <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Hernandez-Figueroa requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

24.     <u>Personnel Records of Government Officers Involved in the Arrest</u>Mr. Hernandez-Figueroa requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25.     <u>Training of Relevant Law Enforcement Officers</u>. Mr. Hernandez-Figueroa requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, DHS, Imperial Beach Sheriff's Department, etc.) to their employees regarding: (1) the informing of suspects of their Constitutional rights; (2) the questioning of suspects and witnesses.

26.     <u>Residual Request</u>.  Mr. Hernandez-Figueroa intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. The defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross examination.

### III.

### **MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Hernandez-Figueroa  requests leave to file further motions as may be necessary.

//

08CR0093-JAH

1

**IV.**

2

**CONCLUSION**

3      For the foregoing reasons, Mr. Hernandez-Figueroa respectfully requests that this Court grant these

4  motions.

5                                                  Respectfully submitted,

6

7  Dated:  February 4, 2008                    /s/ Bridget Kennedy_____
                                               **BRIDGET KENNEDY**
8                                              Federal Defenders of San Diego, Inc.
                                               Bridget_Kennedy@fd.org
9                                              Attorneys for Mr. Hernandez-Figueroa

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CR0093-JAH